IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60787
_____

WILLIAM WILEY,

Petitioner-Appellant,

v.

JAMES V ANDERSON, Commissioner, Mississippi Department
of Corrections, and THE ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(3:97-MC-37-B)
_____

December 8, 1997

Before POLITZ, Chief Judge, KING and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner-appellant William Wiley is a capital defendant in
Mississippi. The State has set his execution date for December
10, 1997. Wiley appeals the district court's order denying his
motion for a stay of execution and for appointment of counsel
pursuant to 21 U.S.C. § 848(q). He has also applied for a stay

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of execution pending appeal.  We grant the stay, and we vacate the district court's order and remand the case with instructions.

## I.  BACKGROUND

William Wiley was convicted of capital murder while in the course of a robbery pursuant to section 97-3-19(2)(e) of the Mississippi Code in February 1982.  MISS. CODE ANN. § 97-3-19(2)(e) (Supp. 1981).  After the penalty phase of the trial, he was sentenced to death.  On appeal, the Mississippi Supreme Court affirmed his conviction, but reversed his death sentence for prosecutorial misconduct.  Wiley v. State, 449 So. 2d 756 (Miss. 1984).

In June 1984, Wiley was again sentenced to death after a new sentencing hearing.  This sentence was affirmed by the Mississippi Supreme Court.  Wiley v. State, 484 So. 2d 339 (Miss. 1986).  The United States Supreme Court denied his petition for certiorari.  Wiley v. Mississippi, 479 U.S. 906 (1986).  Wiley unsuccessfully attempted to gain post-conviction relief in the Mississippi courts.  Wiley then filed a habeas corpus petition in federal district court, which the district court denied.  On appeal, this court affirmed the denial of relief as to his conviction but reversed the denial of relief as to his sentence. Wiley v. Puckett, 969 F.2d 86 (5th Cir. 1992).  In response to this court's ruling, the Mississippi Supreme Court again vacated

Wiley's death sentence. Wiley v. State, 635 So. 2d 802 (Miss. 1993).

There followed a new sentencing hearing and Wiley was sentenced to death for the third time. In February 1997, the Mississippi Supreme Court affirmed his sentence. Wiley v. State, 691 So. 2d 959 (Miss. 1997). The United States Supreme Court denied his petition for a writ of certiorari on October 6, 1997. Wiley v. Mississippi, 118 S. Ct. 219 (1997).

On November 5, 1997, the Mississippi Supreme Court set Wiley's execution date for December 10, 1997. This order was filed on November 13. On November 24, 1997, Wiley filed his pro se Motion to Stay Execution and to Appoint an Attorney in federal district court. In his motion, he asked the district court to "appoint an attorney with the ability to file a habeas corpus petition in your court." Although Wiley's direct criminal appeal included four challenges to his current sentence, he has not petitioned for any state post-conviction relief as to that sentence. On December 4, 1997, the district court entered and order denying Wiley's motion. On December 5, 1997, Wiley filed a Notice of Appeal in the district court and an Application for Stay Pending Appeal in this court.

## II. DISCUSSION

In its Memorandum Opinion, the district court based its

denial of relief upon Wiley's failure to seek state post-conviction relief or request a stay of execution from the Mississippi Supreme Court. The district court found these two facts dispositive in light of Sterling v. Scott, 57 F.3d 451 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996), and In re Joiner, 58 F.3d 143 (5th Cir. 1995). Relying upon these cases, the district court noted that a federal habeas petitioner must exhaust his state remedies and that a petitioner is only entitled to appointment of counsel after the state-court proceedings have concluded. The district court denied the motion for a stay and appointment of counsel because Wiley "has failed to exhaust his state remedies through the filing of a motion for post-conviction relief as required by law."

We think that the district court erred in concluding, under the circumstances that obtain here, that Wiley must pursue state post-conviction relief before he obtains counsel pursuant to 21 U.S.C. § 848(q) to pursue his federal remedies. This court's prior decisions, Sterling and Joiner, inform this case, but for three reasons they are not controlling. First, the issue in both cases was the use of federally-appointed counsel to pursue state remedies, which is not the issue posed here. In Sterling, the issue before the court was whether the petitioner's federally-appointed counsel was allowed to investigate and file his state post-conviction relief claims. 57 F.3d at 455. The court held that the federally-appointed counsel could not be used to exhaust

4

the petitioner's state remedies.  Id. at 458.  However, it is important to note that the petitioner in Sterling had not filed for state post-conviction relief at the time his counsel was appointed pursuant to § 848(q), and the court nevertheless held that the district court's order appointing counsel was proper for the federal proceeding.  Id. at 453, 458; cf. McFarland v. Scott, 512 U.S. 849, 851-53, 856-57 (1994) (holding that 21 U.S.C. § 848(q) provides for appointment of counsel before a federal habeas corpus petition is filed, in a situation where petitioner had yet to file a state post-conviction relief petition).

Joiner presented an issue similar to the one in Sterling. See Joiner, 58 F.3d at 143.  In Joiner, the petitioner also had not filed any petition for state post-conviction relief.  Id. Relying upon Sterling, this court held that the petitioner had no right to federally-funded assistance to exhaust his state remedies.  Id. at 144.

Second, Sterling and Joiner were pre-AEDPA cases.  See Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996); Tucker v. Johnson, 115 F.3d 276, 278 (5th Cir. 1997) (noting that AEDPA applies to petitions filed after AEDPA's effective date of April 24, 1996). Under post-AEDPA § 2254(b)(1), a habeas petitioner must exhaust his state remedies in order to gain relief upon a federal habeas

petition.[1]  See 28 U.S.C. § 2254(b)(1).  The district court may,

however, deny relief on the merits notwithstanding the failure of

the petitioner to exhaust state remedies.  See 28 U.S.C. §

2254(b)(2).  The power to deny relief on the merits implies the

discretion to entertain the petition for habeas relief

notwithstanding the failure to exhaust.[2]  And, of course, the

state may waive exhaustion.  See 28 U.S.C. § 2254(b)(3).

Third, this case is factually different from Sterling and

Joiner, both of which involved the initial post-conviction

challenges to the petitioners' convictions and sentences.

Joiner, 58 F.3d at 143-44; Sterling, 57 F.3d at 453.  Here, Wiley

has already obtained federal and state post-conviction review of

his conviction.  Presumably, the issues he has available to

present relating to his third death sentence would be more

limited than the typical habeas petitioner.  Indeed, they may not

exceed those that he has exhausted on direct appeal.  Put

---

[1] That exhaustion is a predicate for granting relief does not erect a new requirement - both time consuming and needless - that a petitioner seek state post-conviction relief as to claims that have been exhausted on direct appeal.  The State of Mississippi even concedes that Wiley is not barred from seeking habeas relief on the issues that he has raised on direct appeal of his sentence.  Under the State's own view of things, therefore, the district court could entertain a habeas petition as to Wiley's exhausted claims.

[2] We intimate no view on the subject whether, post-AEDPA, the district court must entertain a mixed petition.  See Granberry v. Greer, 481 U.S. 129, 134-36, 135 n.7 (1987); Nobles v. Johnson, 127 F.3d 409, 423 (5th Cir. 1997).  See generally Martin v. Jones, 969 F. Supp. 1058, 1062-63 (M.D. Tenn. 1997), and cases cited therein.

6

differently, whatever may be the case generally, it is particularly difficult here to predict whether there will be any unexhausted claims.[3]

Because Wiley could at this time file a habeas petition which the district court could entertain and as to which the district court could grant relief, he is entitled to the appointment of counsel under § 848(q) and to a stay to allow counsel to prepare his petition.[4]

## III. CONCLUSION

For the foregoing reasons, we VACATE the district court's order and REMAND the case to the district court with instructions to appoint counsel for Wiley to proceed on his federal habeas corpus petition. We encourage the use of a scheduling order to promote the progress of the litigation. Because the time before Wiley's scheduled execution is short, we STAY his execution, the length of that stay to be determined by the district court. The mandate shall issue forthwith.

VACATED. Execution STAYED.

---

[3] We note that in Sterling and Joiner, the relief requested in the district court was predicated on the existence of unexhausted claims.

[4] Wiley's failure to request a stay from the Mississippi Supreme Court is not a factor militating against a stay here because according to Wiley - a point which the State does not contest and which we therefore accept - the Mississippi Supreme Court will not issue a stay without the filing of a petition for post-conviction relief; the futility of asking for a stay without filing a post-conviction relief petition merges this factor into his failure to file for post-conviction relief.